# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
December 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID W. ENGLAND,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1268**  (BOR Appeal No. 2048438)
(Claim No. 2011020256)

**PINNACLE MINING COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David W. England, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pinnacle Mining Company, LLC, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 21, 2013, in which the Board affirmed a May 29, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 27, 2012, decision granting Mr. England a 20% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. England injured his back on December 3, 2010, while working in an underground coal mine as a roof bolter. The claim was held compensable for thoracic and lumbar sprains, and also resulted in an L5-S1 intervertebral fusion. Mr. England has undergone three independent medical evaluations to determine the amount of whole person impairment arising from the compensable injuries. On December 7, 2011, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. He opined that range of motion was normal in the thoracic spine and also noted that there were no sensory deficits present in the thoracic spine. He therefore

1

concluded that Mr. England sustained 0% whole person impairment as a result of the thoracic spine injury. Dr. Mukkamala then opined that Mr. England sustained 9% whole person impairment as a result of range of motion abnormalities in the lumbar spine and sustained 12% whole person impairment as a result of the intervertebral fusion. After placing Mr. England in lumbar category IV of West Virginia Code of State Rules § 85-20-Table C (2006), Dr. Mukkamala opined that Mr. England sustained 20% whole person impairment as a result of the December 3, 2010, injury. On January 27, 2012, the claims administrator granted Mr. England a 20% permanent partial disability award based on Dr. Mukkamala's evaluation.

On June 26, 2012, Bruce Guberman, M.D., performed an independent medical evaluation. He opined that Mr. England sustained 8% whole person impairment as a result of range of motion abnormalities in the thoracic spine. Further, he opined that Mr. England sustained 15% whole person impairment for range of motion abnormalities in the lumbar spine and sustained 12% whole person impairment as a result of the intervertebral fusion. He placed Mr. England in lumbar category IV of West Virginia Code of State Rules § 85-20-Table C and opined that Mr. England sustained 23% whole person impairment as a result of the lumbar spine injury. Dr. Guberman opined that Mr. England sustained 29% whole person impairment as a result of the compensable December 3, 2010, injury. Finally, Michael Condaras, D.C., performed an independent medical evaluation on December 19, 2012. Like Dr. Mukkamala, Dr. Condaras found that range of motion was normal in the thoracic spine and opined that Mr. England sustained 0% whole person impairment as a result of the thoracic spine injury. Dr. Condaras then opined that Mr. England sustained 8% whole person impairment as a result of range of motion abnormalities in the lumbar spine and 12% whole person impairment as a result of the intervertebral fusion. He placed Mr. England in lumbar category IV of West Virginia Code of State Rules § 85-20-Table C and opined that Mr. England sustained 20% whole person impairment as a result of the December 3, 2010, injury.

In its Order affirming the January 27, 2012, claims administrator's decision, the Office of Judges held that Mr. England sustained 20% whole person impairment as a result of the compensable lumbar spine injury and 0% whole person impairment as a result of the compensable thoracic spine injury. Mr. England disputes this finding and asserts, per the opinion of Dr. Guberman, that he sustained 29% whole person impairment as a result of the December 3, 2010, injury.

The Office of Judges noted that Dr. Guberman's finding of increased impairment was not duplicated by either Dr. Mukkamala or Dr. Condaras. Further, the Office of Judges noted that Dr. Guberman's finding of 29% whole person impairment occurred after Dr. Mukkamala's finding that Mr. England sustained 20% whole person impairment, but before Dr. Condaras's finding that Mr. England sustained 20% whole person impairment as a result of his compensable injuries. Additionally, the Office of Judges found that Mr. England did not present with significant thoracic spine complaints during Dr. Condaras's and Dr. Mukkamala's evaluations. Finally, the Office of Judges concluded that the evidence of record demonstrates that Mr. England was fully compensated for his compensable injuries through the prior 20% permanent partial disability award. The Board of Review reached the same reasoned conclusions in its decision of November 21, 2013. We agree with the reasoning and conclusions of the Board of

2

Review. The evidence of record supports a finding that Mr. England sustained no more than 20% whole person impairment as a result of the December 3, 2010, injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II